IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

```
IN RE:                                  *
Donald C. Proctor, Sr.,                 *   Case No. 17-19332
                                        *   Chapter 7
     Debtor                             *
                                        *
*    *    *    *    *    *    *    *    *    *    *    *    *    *
Branch Banking and Trust Co.,           *
     Movant,                            *
                                        *
     vs.                                *
                                        *
Donald C. Proctor, Sr.,                 *
     Respondent,                        *
and                                     *
                                        *
Monique D. Almy,                        *
     Trustee                            *
                                        *
*    *    *    *    *    *    *    *    *    *    *    *    *    *
```

## DEBTOR'S RESPONSE TO MOTION FOR RELIEF OF STAY

COMES NOW, Donald C. Proctor, Sr., the above-captioned Debtor, ("Debtor"), by and through undersigned counsel who files this response to the Motion of Branch Banking and Trust Company, ("Movant"), for an Order granting Relief of Stay pursuant to 11 U.S.C. § 362, ("Motion"), and in support hereof, responds as follows:

1. The Debtor agrees that he filed a Voluntary Petition under Chapter 7 of the Bankruptcy Code on July 10, 2017.

2. Regarding the Discounted Home Equity Line Agreement & Initial Disclosure Statement, (the "Loan Document"), and the Deed of Trust attached to the Motion as "Exhibit A":

1

a. The Debtor agrees that he signed a Discounted Home Equity Line Agreement & Initial Disclosure Statement, (the "Loan Document"), and that the Loan Document attached to the Motion as part of an exhibit bears the Debtor's signature; however, the Debtor is unable to agree about the date that he affixed his signature thereto. The Debtor acknowledges that the Loan Document bears a typed-in date of "3-26-2001" near the top of the document, but the Debtor is not able to recollect that is the date that he signed the Loan Document.

b. By way of further response, the Debtor signed the Loan Document as a co-borrower with the Debtor's son, Donald C. Proctor, Jr., ("Son").

c. Whether or not the Debtor "otherwise executed and delivered" the Loan Document, is a conclusion of law, to which no response is required.

d. The Debtor agrees that he signed a Deed of Trust, ("Deed of Trust"), and that the Deed of Trust attached to the Motion bears his signature; however, the Debtor is unable to agree about the date that he affixed his signature thereto. The Debtor acknowledges that the Deed of Trust bears a typed-in date of "this 26 day of MARCH 2001" near the top of the document, but the Debtor is not able to recollect that is the date that he signed the Loan Document.

e. By way of further response, the Debtor signed the Deed of Trust with Son, but not with Carol Ann Proctor, the Debtor's wife, ("Wife").

f. By way of further response, the Deed of Trust bears a notarized Acknowledgment dated "this 26th day of March, 2001" wherein the

       Notary certified the subscription of and witnessed the signatures to the Deed of Trust by the Debtor and Wife. Wife's signature is clearly not present on the Deed of Trust (or the Loan Document).

  g. By way of further response, the Deed of Trust was not filed in the land records of Dorchester County until September 10, 2001, more than 160 days after the alleged "acknowledgement" of subscription and witnessed signatures of Debtor and Wife.

  h. The Debtor agrees that both the Loan Document and the Deed of Trust identifies realty located at 6808 Hunting Creek Road, Hurlock, MD 21643, (the "Property").

  i. By way of further response, the Property is owned by Debtor and Wife, as tenants by the entireties, and has been November 9, 1992. See the deed of Dorothy Bristow, dated November 9, 1992 conveying the Property to Debtor and Wife attached hereto as Exhibit A and incorporated herein by reference.

3. The Debtor agrees that the Loan Documents and Deed of Trust outline his promise to repay a debt.

4. The Debtor is unable to agree to what amount is owed to the Movant, but does not disagree that there is a default on the account. Additionally:

  a. The Debtor has never made any payments to the Movant.

  b. The Debtor agrees that he and Wife own significant equity in the Property in the approximate amount of $152,100.00. The Property is worth approximately $344,100.00, and the Debtor and Wife owe a balance on a

refinanced purchase money mortgage in the approximate amount of $192,000.00. *See,* Debtors' Schedule A and D, (Dckt. # 1, pp. 10 and 19).

5. The Debtor disagrees that the Movant is entitled to adequate protection, because the Movant is not secured in the Property. The Property is owned by Debtor and Wife since November 9, 1992 by the entireties. The Deed of Trust is not a grant by Wife, and, therefore, does not grant a valid lien in the Property. *Sumy v. Schlossberg*, 777 F. 2d 921, 924-925 (4th Cir. 1985) (entireties property is protected from the reach of a creditor of only one spouse), citing, *State v. Friedman*, 283 Md. 701, 705-06, 393 A.2d 1356, 1359 (1978); *Ades v. Caplan*, 132 Md. 66, 69, 103 A. 94, 95 (1918); *Jordan v. Reynolds*, 105 Md. 288, 294, 66 A. 37, 38 (1907); *and see, The Bank of New York Mellon v. Ashley*, __ F. Supp. 3d __, Civil Action No. DKC 14-2914 (D. Md. Mar. 20, 2017), (the deed of trust was defective to establish any lien where the deed of trust failed to have Debtor's wife grant the interest with regard realty owned as tenants by the entireties), *citing*, *Arbesman v. Winer*, 298 Md. 282, 290 (1983). The Movant is an unsecured creditor of the Debtor, and no cause exists in the Movant as a secured creditor for the grant of relief of stay pursuant to 11 U.S.C. § 362(d). The Motion should be denied.

6. By way of further response, the Movant has no cause at all for relief of the automatic stay. The Motion should be denied.

7. By way of further response, the Debtor and Wife enjoy significant equity, and relief of stay should not be granted. 11 U.S.C. § 362(d)(2)(A). The Motion should be denied.

8. By way of further response, the Property is the primary and only residence of the Debtor and Wife, and is therefore necessary for the Debtors effective reorganization post-chapter 7 discharge. 11 U.S.C. § 362(d)(2)(B). The Motion should be denied.

9. By way of further response, the Debtor did file this Voluntary Bankruptcy case as part of a scheme to delay, hinder, or defraud the Movant. 11 U.S.C. § 362(d)(4).

10. By way of further response, neither the Debtor, the Wife, nor the Property enjoyed any proceeds from the loan resulting from the Loan Documents. No such proceeds were received or used by the Debtor or the Wife for any reason whatsoever. No person utilized any such proceeds for the benefit of the Property.

11. Pursuant to Local Rule 9013-2, Debtors will not file a memorandum in support of this Response, but will rely solely upon the Response in seeking a denial of the Motion.

WHEREFORE, the Debtor respectfully requests this Court enter an Order DENYING the Motion, and for such other relief as this Court deems just and proper.

Respectfully submitted,

/s/ George R. Roles
George R. Roles #18371
PO Box 173
Centreville, MD 21617
443-262-8501 office
443-423-1069 Fax
groles@groleslaw.com
*Attorney for the Debtor*

Certificate of Service on following page

## CERTIFICATE OF SERVICE

I hereby certify that on August 15, 2017, a copy of the foregoing Response filed in the above-captioned matter was mailed, first class, postage prepaid, to each of the parties listed below, unless said party is a registered CM/ECF participant who has consented to electronic notice such that a BNC Certificate of Mailing indicates that Notice was electronically mailed to said party:

**Service electronically via CM/ECF**
**Monique D. Almy** malmytrustee@crowell.com; cbest@crowell.com; malmy@ecf.epiqsystems.com
**Walter Gunby** walter.gunby@gmail.com
**Christopher Hamlin** chamlin@mhlawyers.com, kjarboe@mhlawyers.com; dmoorehead@mhlawyers.com; chamlin@ecf.inforuptcy.com; fsych@mhlawyers.com

I further certify that this same date a copy of the forgoing Entry of Appearance, was mailed to the party below, who does not appear on the attached matrix, addressed as follows:

None.

        /s/ George R. Roles
        George R. Roles #18371